PEOPLE *ex rel.* JOHNSON *v.* HEGEMAN, County Treasurer.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. TAXATION—SALE—NOTICE BY PURCHASER.
   Under Laws N. Y. 1873, c. 135, as amended by Laws 1876, c. 261, §§ 17, 18, Laws 1877, c. 268, and Laws 1878, c. 226, by which a purchaser at tax sale is required to give notice of such sale to the owner and mortgagee residing within the county, and a non-resident mortgagee, notice to an owner who is a non-resident of the county is not necessary.

2. SAME—STATUTE—AMENDMENT—PROVISIONS OMITTED.
   The parts of the section of the act of 1876 which give a non-resident owner the right to notice are repealed by the subsequent acts, which omit them and change the act so as to read as amended.

Appeal from special term, Kings county.

Application by Cornelia Johnson for a peremptory writ of *mandamus* to Elbert Hegeman, county treasurer of Queens county, to receive certain taxes, percentages, and interest, and thereupon to discharge the same. The application was granted, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*B. W. Downing,* for appellant. *T. M. Wyatt,* for respondent.

BARNARD, P. J. The affidavit of the supervisor, Mr. Brinkerhoff, makes an issue as to the service of a notice of time within which to redeem. The notice was addressed to a wrong place, in New York, but it was never returned, and the supervisor states his belief that Mrs. Johnson received it. No notice of the time of redemption was needed. In 1873 the legislature passed an act authorizing the sale of lands in Queens county for unpaid taxes. The county treasurer is required to give six months' notice, before giving the lease, to the owner and mortgagee, and, if they could not be found, two weeks' notice was to be published. Chapter 135, Laws 1873, § 17. In 1876 this act was amended. The notice required by the seventeenth section of act of 1873 was omitted, and in the eighteenth section was inserted a requirement that

the purchaser at the sale should give six months' notice of such sale to the "owner, mortgagee, lessee, or assignee." This service was to be made, in case of non-residence, by deposit in the post-office, and addressed to the place of residence, "as stated in the instrument under which he holds such interest as owner, mortgagee, lessee, or assignee." Chapter 261, Laws 1876, §§ 17, 18. In 1877 the act was again amended, and notice was only required to be given to the owner when a resident of the town where the property was situate. Chapter 268, Laws 1877. In 1878 the act was amended. Laws 1878, c. 226. The time to redeem was fixed at 15 months, and the purchaser was to give, within one year after the sale, notice to owner and mortgagee being resident within the county, and to non-resident mortgagees, only. The sale was made in 1879, and the relator resided in the city of New York, and is the owner of the property. She was entitled to no notice of sale. The claim that the omitted parts of the section of the law of 1876, which give her a right to notice, are to be considered as still standing, is unwarranted. The section is changed so as to read as amended. This language carries with it a repeal of all provisions in these sections but those retained in the new section. There is, then, no reason why the tax should be annulled. The relator can redeem by paying certain expenses in addition to the tax, and interest, which are proper if the sale was proper. The order should therefore be reversed, with $50 costs, and the motion denied, with $10 costs. All concur.